IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRAYLON HAYNES | § | |
| | § | |
| v. | § | Case No. 2:08-CV-183-JRG-RSP |
| | § | |
| WELLS FARGO BANK, N.A. | § | |

## MEMORANDUM ORDER

Currently before the Court is Defendant's Motion to Reconsider (Dkt. No. 87), filed on November 20, 2014, asking the Court to vacate the Order entered on November 6, 2014, which granted in part the Plaintiff's Motion to Compel. Plaintiff is seeking discovery in preparation for a class certification hearing. Defendant has resisted such discovery both on the ground that this Court lacks jurisdiction to order discovery of Defendant's activities outside the Eastern District of Texas, and on the ground that the discovery is unduly burdensome at this pre-certification stage. The Court conducted a hearing on October 2, 2014, at which time the first ground was found to be meritless, and the second ground was addressed by greatly curtailing and focusing the discovery requests. The motion before the Court argues that the discovery is still unduly burdensome.

Defendant submitted a lengthy declaration from its "Research/Remediation Manager" Bobbi Jo Barrette concerning the time it would take to provide the discovery ordered on November 6, and the cost to Defendant of that employee time. The Court permitted Plaintiff to take the deposition of Ms. Barrette and file a response to the current motion. After reviewing the briefs of both sides, including particularly the declaration and deposition of Ms. Barrette, the Court finds that the Motion to Reconsider should be **DENIED.**

At the outset, the Court notes that the question of burdensomeness was fully addressed at the October 2 hearing, and the matter has been given additional consideration only because the

dollar amounts alleged in the Motion to Reconsider were surprisingly large. However, after reviewing the deposition of Ms. Barrette, the Court has concluded that those dollar amounts do not fairly and accurately reflect the actual burden and expense of complying with the November 6 Order. Most importantly, the time estimates provided by Ms. Barrette are based on the false assumption that the Defendant would need to perform a time-consuming reconciliation of each account before producing the records to Plaintiff. As Ms. Barrette admitted at her deposition, this is simply not required by the Order. Defendant may want such a reconciliation to defend against Plaintiff's claims, but it is not part of the discovery burden. Indeed, the actual production of the documents ordered was shown to take very little time. Also, the cost of the employee time to produce the documents was not based on anything approximating the marginal cost of the employees who would gather the documents. Instead, it was based on the total cost of the Wells Fargo bankruptcy department, including overhead (rent, equipment and all), salaries and benefits, and the like, divided by the hundreds of employees in the department. The figure selected was over $40 per hour. The highest numbers in her declaration were based on a cost of $95 per hour if temporary workers were used. After a review of the deposition, the Court finds that the representations of time and expense should be disregarded. Accordingly,

**IT IS ORDERED** that Defendant comply with the November 6, 2014 Order by no later than February 27, 2015. Counsel are directed to meet and confer about an appropriate schedule for the class certification hearing and to appear in Court on March 6, 2015 to resolve all matters necessary before such hearing.

**SIGNED this 28th day of January, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE