**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

BRAYLON HAYNES                        §
                                      §
    v.                                §        Case No. 2:08-CV-183-JRG-RSP
                                      §
WELLS FARGO BANK, N.A.                §

## <u>MEMORANDUM ORDER</u>

Currently before the Court is Plaintiff's Amended Emergency Motion to Compel and For Sanctions (Dkt. No. 114), filed on May 18, 2015. The motion came on for an evidentiary hearing before the Court on June 18, and July 13, 2015. The motion is GRANTED IN PART as follows.

This motion is the culmination of a lengthy dispute between the parties concerning the scope of discovery leading up to the class certification hearing in this matter. Following a hearing on October 2, 2014, the Court entered an order compelling production on November 6, 2014. Defendant filed a motion for reconsideration by the undersigned and for appeal to the District Judge. Those were both denied on January 29 and 30, 2015, respectively. Defendant was then ordered to comply with the November 6 Order by Friday, February 27, 2015.

The Court finds that the initial production by Defendant on March 2, 2015,[1] was significantly deficient. Plaintiff's Exhibit 23 details the shortcomings in an effective fashion. Defendant's Exhibit 29 demonstrates that Defendant made significant progress through its supplemental productions through April, May and June of 2015, but all of those productions were the result of the constant efforts of Plaintiff's counsel, including this motion.

---

[1] The Court finds credible Defendant's explanation that an ice storm in Dallas on Friday, February 27 delayed its production until Monday, March 2, 2015, and does not consider that delay in deciding this motion.

The document production addressed here relates to the sample set of up to 752 borrowers set out in the November 6 Order. The actual sample set is somewhat smaller because Defendant has shown that it did not have borrowers meeting the class definition in each of the 94 judicial districts in the federal courts for each of the four covered years, 2004 to 2007. Within the November 6 Order, the following four categories of documents are at issue in the motion to compel: (1) the "loan history," (2) the "fee information," (3) the "discharge audits from the servicing notes," and (4) the "correspondence on the issue of whether payment of fees has been demanded."

*(1) The loan history:*

Plaintiff's Exhibits 23 and 25 show that some loan history is missing as to about 85 borrowers. Defendant showed through Defendant's Exhibit 29 and the testimony of Elizabeth Duffy that some of this history is "unavailable" and that other parts are still being sought. Defendant will be ordered to produce all portions shown to be missing on P-25 or to provide a sworn certification from a responsible employee of Defendant as to the basis for its assertion that any such portion is unavailable.

*(2) The fee information:*

Fee information was provided for most of the sample borrowers through the "DDCH" and "Fee1" screenshots of their files. Defendant has shown that these documents do not exist for all of the borrowers and all of the relevant years. However, Defendant was ordered to produce the fee information not any particular version of it. Plaintiff has shown that fee information also exists in other formats drawn from the same database. Plantiff's Exhibit 18 is one such version. Defendant will be ordered to produce an unredacted version of P-18 containing the relevant fee information concerning all of the sample borrowers.

*(3) The discharge audits from the servicing notes:*

The evidence shows that there is no separate document labeled "discharge audit." Instead, counsel for Defendant obtained copies of the entire loan servicing notes for each of the sample borrowers. (Depo. of David Hulet at 188 ll. 15-22). Counsel then examined the servicing notes and identified the portion that they believed constituted the discharge audit and provided that to Plaintiff. If they could not identify any such portion, they provided none. Thus it is that no servicing notes were provided for 73 of the sample borrowers, according to P-31. Another 329 of the sample borrowers had servicing notes produced with no identifiable discharge audits, according to P-32. These numbers are unacceptable. Defendant's only explanation was that human error causes its employees to fail to do the discharge audits in some cases. Given the vague standard employed by Defendant's counsel to identify the discharge audits from the servicing notes, Defendant will be ordered to produce unredacted copies of the servicing notes to Plantiff. With respect to the servicing notes and the fee information, Defendant may redact all but the last four digits of the account numbers, but must leave the names on the production. The current protective order provides ample protection to the borrowers at issue.

*(4) The correspondence on the issue of whether payment of fees has been demanded:*

This is the most contentious and poorly defined of the disputes. Plaintiff contends that this category should be read to include the monthly mortgage statements sent to the sample borrowers. The Court cannot accept that understanding of the November 6 Order. If such a well understood and omnipresent document was sought, it should have been separately called out by Plaintiff. Defendant has made a satisfactory showing of a very significant burden in producing all of these statements, from the third-party vendors who sent them out, for each of the more than

700 borrowers over the four-year period. As for the other correspondence sought, Plaintiff has not carried their burden to show that Defendant has not reasonably complied with this category of the production, with the understanding that Defendant will complete any supplemental production described as underway by Defendant's counsel at the hearing.

*(5) Payment of expenses:*

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure sets out a long list of sanctions that can be imposed upon a party for not obeying a discovery order. The Court does not find such sanctions appropriate at this time. However, Rule 37(b)(2)C) goes on to provide that "Instead of or in addition to the orders above, the court <u>must</u> order the disobedient party … to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (emphasis supplied). The Court does not find that the failure was substantially justified or that other circumstances make an award unjust. Accordingly, Defendant will be ordered to pay the expenses of the Plaintiff, including attorney's fees related to the filing and briefing of the motion to compel and the preparation for and appearance at the hearings. The Court does not consider the review and indexing of the documents produced by Defendant to be related to the motion, but rather to the preparation of the case for the class certification hearing. Counsel are directed to meet and confer on the issue of fees. If agreement cannot be reached, Plaintiff shall file a motion to fix fees and expenses within 30 days. Accordingly,

IT IS ORDERED THAT by no later than August 4, 2015 Defendant Wells Fargo Bank, N.A. shall produce to counsel for Plaintiff:

(1) all portions of the loan history shown to be missing on P-25, or to provide a sworn certification from a responsible employee of Defendant as to the basis for its assertion that any such portion is unavailable;

(2)  an unredacted version of P-18 containing the relevant fee information concerning all of the sample borrowers; and

(3)  unredacted copies of all of the servicing notes for the sample borrowers.

IT IS FURTHER ORDERED THAT Defendant Wells Fargo Bank, N.A. shall pay the expenses of the Plaintiff, including attorney's fees, related to the filing and briefing of the motion to compel and the preparation for and appearance at the hearings.

**SIGNED this 20th day of July, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE