# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BRAYLON HAYNES | § | |
| | § | |
| v. | § | Case No. 2:08-CV-183-JRG-RSP |
| | § | |
| WELLS FARGO BANK, N.A. | § | |

## MEMORANDUM ORDER

Currently before the Court is Plaintiff's Motion for Attorneys' Fees and Litigation Expenses With Respect to Plaintiff's Motion to Compel (Dkt. No. 145), filed on August 31, 2015. The motion asks the Court to fix the fees and expenses ordered by the Court in the July 20, 2015 Memorandum Order (Dkt. No. 135) granting Plaintiff's motion to compel. In that Order the Court stated:

> Defendant will be ordered to pay the expenses of the Plaintiff, including attorney's fees related to the filing and briefing of the motion to compel and the preparation for and appearance at the hearings. The Court does not consider the review and indexing of the documents produced by Defendant to be related to the motion, but rather to the preparation of the case for the class certification hearing. Counsel are directed to meet and confer on the issue of fees. If agreement cannot be reached, Plaintiff shall file a motion to fix fees and expenses within 30 days.

The parties were not able to reach agreement about the amount of fees and expenses, and Plaintiff has now asked the Court to award $231,170.00 in fees (for 640 billable hours) and expenses of $6,398.59. Defendant argues that Plaintiff's hours are excessive, duplicative and often related to work beyond the scope of the Court's award. Defendant contends that the lodestar should be reduced to $89,120, and further reduced based on limited results to a total of $53,472. Defendant also contends that the costs should be reduced to $1,103.55.

The parties agree that the Court should begin with the lodestar method described in the *Alexander v. City of Jackson* case, 456 F.App'x 397 (5th Cir. 2011), and countless others. The

lodestar is determined by taking the number of hours of attorney time reasonably expended on the matter and multiplying it by a reasonable hourly rate for each lawyer involved. Plaintiff has provided evidence and both sides have provided argument on the hours and the rates. Both sides also agree that the Court has discretion to increase or decrease the lodestar based on matters such as the performance of counsel or the results achieved. Defendant argues that the Court should apply the well known *Johnson* factors from *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), whereas Plaintiff argues that those factors are not applicable to an award under Rule 37. The Court always considers the *Johnson* factors in making an award of anything other than the most minimal fees, and has done so fully here.

The biggest complicating factor for the fee award in this case is that the bulk of the time spent by Plaintiff's counsel was reviewing and analyzing the records produced by Defendant. This was necessary in order to determine the sufficiency of the document production, but would also have been necessary in large part to prepare the case for class certification and on the merits. In other words, much of the time would have been necessary even if the production had been sufficient from the outset. Moreover, it is not all of the time spent dealing with the insufficiencies of the production that is compensable. Determining what else is due from the opponent is part of the discovery process. It is only once it has been determined that the adversary will not cure the inadequacies in the production, and resort to the Court is undertaken, that the time normally becomes compensable under Rule 37. It is for these reasons that the Court directed that Plaintiff be awarded fees for work "related to the filing and briefing of the motion to compel and the preparation for and appearance at the hearings." (Dkt. No. 135 at 5). Based on the record in this case, and on the evidence presented at the hearing, the Court finds that much of the time reflected in the hourly billing records, attached to the Plaintiff's Motion as Appendix

2, while productively spent, is more properly allocated to discovery than to the motion to compel itself.

Defendant argues in its opposition that the fees should be reduced by 40% because the Court only ordered Defendant to produce 3 of the 5 categories of relief requested by Plaintiff at the close of the hearing.  However, the results in this case should not be measured solely by the Order rendered at the close of the hearing. As the Court noted in the Order:

> The Court finds that the initial production by Defendant on March 2, 2015, was significantly deficient.  Plaintiff's Exhibit 23 details the shortcomings in an effective fashion.  Defendant's Exhibit 29 demonstrates that Defendant made significant progress through its supplemental productions through April, May and June of 2015, but all of those productions were the result of the constant efforts of Plaintiff's counsel, including this motion.

Thus, the motion generated far more relief than was contained in the final Order.  The Court will not reduce the lodestar on that basis.

The Court finds that the hourly rates requested for the three senior counsel for Plaintiff are appropriate, but also finds that the rates for the two younger associates are somewhat higher than appropriate in the relevant market.  Having taken these matters into account, as well as the applicable *Johnson* factors, the Court finds that the lodestar is $117,633.00.

Plaintiff will also be awarded the costs of the transcripts and court reporter fees in the amount of $4,149.37.  Accordingly,

IT IS ORDERED that Defendant pay to counsel for Plaintiffs within 30 days the sum of $121,782.37 as the reasonable attorneys' fees and expenses ordered in connection with the Motion to Compel.

**SIGNED this 4th day of November, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE